UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6346-CR-FERGUSON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ORSON HARRIS,

    Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS THE INDICTMENT AS DUPLICITOUS

Defendant, ORSON HARRIS, through undersigned counsel, pursuant to Fed. R. Evid. 8(a) moves to dismiss the indictment filed in this case because the indictment is duplicitous, and in support thereof, the defendant states:

1.    The defendant, ORSON HARRIS, is charged in a single count indictment with possession with intent to distribute at least five grams of cocaine base from September 28, 2000, to October 13, 2000, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B).

2    Upon review of the government's discovery submission, it appears as though this single count indictment is premised upon five separate cocaine sales by defendant Harris to an undercover police officer. According to the police report filed by the undercover police officer, each individual sale involved less than five grams of cocaine base.

3.    While Rule 8(a) of the Federal Rules of Criminal procedure allows for two or more offenses to be charged in the same indictment as separate counts, charging two (or more) offenses in one count of an indictment is contrary to the rule. See United States v. Aguilar, 756 F.2d 1418,



1420 n.1 (9th Cir. 1985). An indictment is duplicitous if more than a single crime is charged in one count of an indictment. United States v. Ramos, 666 F.2d 469, 473 (11th Cir.1982).

4. The vices of duplicity arise from breaches of the defendant's Sixth Amendment right to knowledge of the charges against him, since conviction on a duplicitous count could be obtained without a unanimous verdict as to each of the offenses contained in the count. Aguilar, 756 F.2d at 1420 n.1.

5. In this case, it appears that the government charged the separate offenses in a single count in order to sentence Mr. Harris pursuant to 21 U.S.C. § 841(b)(B) which provides for a minimum sentence of ten years imprisonment.

6. Mr. Harris is prejudiced by the indictment because a jury could convict him of the offense charged in the indictment without unanimously finding that he possess cocaine base in each incident covered by the single count.

WHEREFORE, the defendant, ORSON HARRIS, respectfully requests that this Court dismiss the indictment or in the alternative, order the government to elect a single incident upon which it would rely at trial.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____

Daryl E. Wilcox
Assistant Federal/Public Defender
Florida Bar No. 838845
101 N.E. 3rd Avenue, Suite 202
Fort Lauderdale, Florida 33301
(954) 356-7436 ext. 112
(954) 356-7556 (fax)

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on this \_\_2\_\_ day of March, 2001 to Assistant United States Attorney Kathleen Rice, 500 E. Broward Boulevard, 7th Floor, Fort Lauderdale, Florida.

Daryl B. Wilcox

S:\WILCOX\Harris\M2DISMISS.wpd