UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6346-CR-FERGUSON/SNOW

UNITED STATES OF AMERICA, )
)
    Plaintiff, )
)
vs. )
)
ORSON HARRIS, )
)
    Defendant. )
)
_____ )

### GOVERNMENT'S RESPONSE IN OPPOSITION
### TO DEFENDANT'S MOTION TO DISMISS INDICTMENT

COMES NOW, the United States of America, by and through the undersigned Assistant United States Attorney, and files its response in opposition to the defendant, Orson Harris' motion to dismiss indictment, and in support thereof states as follows:

1. On December 14, 2001, a one-count indictment charging the defendant, Orson Harris, with possession with intent to distribute in excess of five grams of cocaine base, in violation of Title 21, United States Code, Section 841(a)(1), was returned by a Federal grand jury;

2. On March 2, 2001, the defendant filed the instant motion to dismiss indictment, wherein he asserts that the indictment in this matter should be dismissed as duplicitous as it charges separate offenses in one count;

3. The defendant's motion to dismiss should be denied as the offense charged in the



indictment is a single offense, carrying a single punishment and is not duplicitous.

## MEMORANDUM OF LAW

An indictment is duplicitous where more than a single crime is charged in one count of an indictment. *United States v. Ramos*, 666 F.2d 469, 473 (11th Cir. 1982). Thus, where a single count involves charges under "two distinct statutes carrying separate penalties and involving different evidence" the count is duplicitous. *Id.*

In this case, the indictment charges that from on or about September 28, 2000, through on or about October 13, 2000, the defendant knowingly and intentionally possessed with intent to distribute at least five grams (5) of cocaine base. Although the charge is premised upon several sales of cocaine base, the single crime of "possession with intent to distribute" is charged. That is, from September 28 through October 13, the defendant possessed cocaine base with the intent to sell it. At trial, it will be the Government's responsibility to show that during this time period, the defendant possessed in excess of five grams of cocaine base with the intent to distribute it. The Government will, in essence, be required to prove each sale in order to meet its burden on the amount of cocaine base and to show that during the applicable time period, the defendant violated Section 841(a)(1). Therefore, because only one crime has been charged in the indictment - possession with intent to distribute cocaine base - the indictment is not duplicitous.

WHEREFORE, the government respectfully requests that the defendant's motion to dismiss indictment be denied in all respects.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: *[signature]*
KATHLEEN RICE
ASSISTANT UNITED STATES ATTORNEY
Florida Bar Number 100765
500 East Broward Boulevard
Seventh Floor
Fort Lauderdale, FL 33394
TEL: (954) 356-7255, ext. 3512
FAX: (954) 356-7336

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by United States Mail this 7 day of March, 2001, upon: Daryl Wilcox, Assistant Federal Public Defender, 101 N.E. Third Avenue, Suite 202, Fort Lauderdale, Florida 33301.

*[signature]*
KATHLEEN RICE
ASSISTANT UNITED STATES ATTORNEY