UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**MAY 30 2001**

CASE NO. 00-6346-CR-FERGUSON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ORSON HARRIS,

    Defendant.
_____/

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE INDICTMENT AS DUPLICITOUS

Defendant, ORSON HARRIS, through undersigned counsel, pursuant to Fed. R. Evid. 8(a) files this memorandum of law in support of his motion to dismiss the indictment filed in this case as duplicitous, and in support thereof, the defendant states:

Mr. Harris is charged by indictment with a single count of possessing with intent to distribute at least five grams of cocaine base between September 28 through October 13, 2000, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Although the government admits that the single count in the indictment is premised upon several sales of cocaine base, the government contends that because the indictment charges only one crime, the indictment is not duplicitous. The government's argument must fail.

While the undersigned has been unable to discover any federal appellate decision that directly addresses the issue at hand, federal courts have held that the provisions of 21 U.S.C. § 841 which mandate enhanced penalties for violations involving specified quantities of drugs apply to single



violations and do not apply to aggregate amounts of drugs held on various separate occasions. See United States v. Winston, 37 F.3d 235, 241 (6th Cir 1994).

In Winston, the defendant was charged and convicted of: (1) conspiracy to possess more than 50 grams of cocaine base, (2) possessing 23 grams of cocaine base, and (3) possessing 37 grams of cocaine base. Winston, 37 F.3d at 241. At sentencing the trial court found that the conspiracy count involved only 23 grams. Id. However, the trial court sentenced the defendant to life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A) which mandates a life sentence for offenses involving more than 50 grams of crack after two or more felony drug convictions. Id at 240.

In reversing the life sentence, the Winston court held that § 841(b)(1)(a) did not apply to separate drug possession violations involving less than 50 grams even if the sum total of the violations amounted to more than 50 grams. Id. The Winston court reasoned that Congress designated drug quantity as the best means of identifying those who should be subjected to a heightened sentence and did not intend 21 U.S.C. § 841(b)(1)(A) to be used against small time dealers or users who never possess more than a few grams at a time. Id. at 241.

In this case, the government is attempting to use 21 U.S.C. § (b)(1)(B) in the same manner that the Winston Court rejected. Mr. Harris never possessed 5 or more grams of cocaine base on any one occasion during the time period alleged in the indictment. Accordingly, this court should find that the indictment does not allege a single violation of 21 U.S.C. § (b)(1)(B), but several violations of 21 U.S.C. § (b)(1)(C). Therefore, this court should grant the defendant's motion to

dismiss the indictment as duplicitous.

        Respectfully submitted,

        KATHLEEN M. WILLIAMS
        FEDERAL PUBLIC DEFENDER

By: _____

        Daryl E. Wilcox
        Assistant Federal Public Defender
        Florida Bar No. 838845
        1 East Broward Blvd., Suite 1100
        Fort Lauderdale, Florida 33301
        (954) 356-7436 ext. 112
        (954) 356-7556 (fax)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed on this 3/ day of May, 2001 to Assistant United States Attorney Kathleen Rice, 500 E. Broward Boulevard, 7th Floor, Fort Lauderdale, Florida.

        Daryl E. Wilcox

mS:WILCOX:Harris:M2DISMISS.memo.wpd